UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE LADONNA LUCAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. ) | Civil Action No. 21-2965 (UNA) |

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on review of Plaintiff's Complaint [Dkt. # 1] and application to proceed *in forma pauperis* [Dkt. # 2]. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). It also assists the Court in determining whether it has jurisdiction over the subject matter.

1

Plaintiff, a resident of St. Paul, Minnesota, sues the United States. She alleges that the events giving rise to this action took place "[a]t my place of residence and workplaces" on "10/29/82-continuing." Compl. at 4, Sec. III. Beyond that, Plaintiff refers to Exhibit A for a statement of the claims, but the exhibit consists of a long list of "Prohibited Practices and Abuses" containing no cogent facts. A complaint that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated[.]" *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (internal quotation marks and citations omitted). The instant complaint suffers from the foregoing defects and therefore will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: November 24, 2021

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge